NAYLOR v. PENNSYLVANIA R. CO. et al.

Civ. A. No. 457–51.

United States District Court
D. New Jersey.
June 26, 1952.

James M. Davis, Jr., Mount Holly, N. J., for plaintiff.

Starr, Summerill & Davis, by William F. Hyland, Camden, N. J., for defendant.

Horace G. Brown, Camden, N. J., Clifford D. O'Brien, Chicago, Ill., Ruth Weyand, Washington, D. C., Freedman, Landy & Lorry, Philadelphia, Pa., for intervenors.

MADDEN, District Judge.

This is a matter brought by plaintiff, Arthur F. Naylor, as a class action seeking to restrain the defendant, Pennsylvania Railroad Company, from effecting a settlement with certain officials of the intervening Brotherhood of claims arising out of the interpretation of the contract existing between the defendant and the Brotherhood regarding the operation of locomotives for defendant company over foreign trackage or lines and for determination of the amount due on such claims.

Defendant, Pennsylvania Railroad, moved to dismiss upon the grounds that under the Railway Labor Act [1] exclusive jurisdiction was in the National Railway Adjustment Board. The Court, in an oral opinion, held that the matter was one for the interpretation of an existing wage agreement and should be presented to the expert body established on an administrative basis by Congress but, by reason of past case histories, was concerned as to whether the National Railway Adjustment Board would accept jurisdiction of claims presented by individual members and not by the Brotherhood and consequently retained jurisdiction for a period of 90 days to ascertain whether upon application to the National Railway Adjustment Board that body would exercise jurisdiction. See Court's order of September 12, 1951 [2].

Thereafter the Brotherhood petitioned to intervene and filed notice of motion for

[1]. 45 U.S.C.A. § 151 et seq.

[2]. This matter being opened to the court by Starr, Summerill & Davis, Esqs., attorneys of the defendant for whom appeared pro hac vice Guy Knight, Esq., in the presence of James M. Davis, Jr., Esq., attorney of the plaintiffs; and the defendant having moved to dismiss the complaint on the ground, inter alia, that this court lacks jurisdiction by reason of the provisions of the Railway Labor Act; and the court having heard and considered the arguments of counsel and having read and considered the pleadings, affidavits and memoranda; and good cause appearing;

It Is, on this 12th day of September, 1951, Ordered, that this Court do retain jurisdiction of this cause for a period of ninety (90) days, commencing August 24th, 1951, during which time the plaintiffs herein, and those who may choose to join with them, may submit their grievances allegedly arising out of a certain contract between the defendant, Pennsylvania Railroad Company and the Brotherhood of Locomotive Engineers, which are the subject of the amended complaint herein, to the National Railroad Board of Adjustment, Division I, which submission need not be made by any officer or member of the Brotherhood of Locomotive Engineers as representative of the plaintiffs, or as representative of those who may choose to join with them;

And It Is Further Ordered that counsel for the parties hereto do report to this Court if, in that period of time, the said National Railroad Board of Adjustment should refuse to take, or, in the alternative, should take jurisdiction or cognizance of said grievances of the plaintiffs or those who may choose to join with them, and in no event at a date later than the ninety (90) day period aforesaid, to the end that this court may determine whether the motion of the defendant to dismiss should be granted or denied.

dismissal upon similar grounds as urged by the defendant, Pennsylvania Railroad. After hearing, the Court permitted the Brotherhood to intervene but denied its application to dismiss, continuing in full force and effect its order of September 12, 1951.

On May 20, 1952, defendant, Pennsylvania Railroad, reported to the Court that certain of the individuals for whom the present suit had been brought had commenced proceedings before the National Railway Adjustment Board and that answers had been filed by defendant therein, Pennsylvania Railroad. It, thereupon, on May 22, 1952 filed notice of motion to dismiss. A like motion was similarly made on June 4, 1952, by the interveners and arguments had thereon with objections advanced by the plaintiff.

The Supreme Court has once again spoken on this subject when, on June 9, 1952 in the matter of Brotherhood of Railroad Trainmen v. Howard, 72 S.Ct. 1022, 1025, Justice Black speaking for the majority said:

"Here, as in the Steele case [Steele v. Louisville & N. R. Co., 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173], colored workers must look to a judicial remedy to prevent the sacrifice or obliteration of their rights under the Act. For no adequate administrative remedy can be afforded by the National Railway Adjustment or Mediation Board. *The claims here cannot be resolved by interpretation of a bargaining agreement so as to give jurisdiction to the Adjustment Board* under our holding in Slocum v. Delaware, L. & W. R. Co., 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795. *This dispute involves the validity of the contract, not its meaning.* Nor does the dispute hinge on the proper craft classification of the porters so as to call for settlement by the National Mediation Board under our holding in Switchmen's Union v. National Mediation Board, 320 U.S. 297, 64 S.Ct. 95, 88 L.Ed. 61." (Emphasis supplied.)

This confirms our prior opinion, that the present suit being one basically for the interpretation of an existing contract, which interpretation may affect the future relations of the parties, it should be heard by that expert body so established by Congress to deal with such problems, namely, the National Railway Adjustment Board.

However, this Court is seriously concerned that the Board may dispose of the matter on procedural grounds and not meet the true issues involved in the interpretation of the contract. To this end the plaintiffs must have preserved to them a forum that ultimately will adjudicate their rights under the contract.

Accordingly, the motion to dismiss will be granted, conditioned, however, upon the defendant, Pennsylvania Railroad, and the intervening Brotherhood, entering a stipulation herein providing for the reopening of this cause of action and continuation thereof in the discretion of this Court upon notice and showing of good cause by any party hereto.