**TURKISH STATE RAILWAYS AD-
MINISTRATION, Appellant,**

v.

**VULCAN IRON WORKS.**

No. 11697.

United States Court of Appeals
Third Circuit.

Argued Jan. 12, 1956.

Decided Feb. 9, 1956.

Eldon H. Crowell, Washington, D. C.
(John McI. Smith, Harrisburg, Pa., on
the brief; Cummings, Truitt & Reeves,
Washington, D. C., Nauman, Smith,
Shissler & Hall, Harrisburg, Pa., of
counsel), for appellant.

William T. Kirby, Chicago, Ill., John
J. Corwin, New York City (Paul Bed-
ford, Wilkes-Barre, Pa., William T. Kir-
by, Chicago, Ill., John J. Corwin and
Irving R. Horowitz, New York City, on
the brief; Bedford, Waller, Darling &
Mitchell, Wilkes-Barre, Pa., Levien &
Singer, New York City, of counsel), for
appellee.

Before MARIS, KALODNER and
STALEY, Circuit Judges.

MARIS, Circuit Judge.

We are presented at the outset in this
case with a motion by the defendant to
dismiss the plaintiff's appeal from an
order entered in a suit which it brought
against the defendant in the District
Court for the Middle District of Pennsyl-
vania. The defendant had entered into
two contracts with the plaintiff for the
manufacture and delivery of locomotives.
The complaint originally filed contained
three counts seeking damages for delay
and breach of contract. Subsequently
the plaintiff filed an amended complaint
which added a fourth count praying that
the defendant be required to arbitrate
their differences pursuant to arbitration
clauses contained in the two contracts.
The defendant then moved for the dis-
missal of count four. Shortly thereafter
the plaintiff filed a motion to compel ar-
bitration under count four and for a
stay of proceedings on the first three
counts of the complaint until arbitration
had been had. This motion, which was
filed under title 9 of the United States
Code, the Arbitration title, was denied
by the district court. The appeal now
before us was taken by the plaintiff from
the order denying the motion.

The appeal must be dismissed because
this court is without jurisdiction to en-
tertain it. The order appealed from was
clearly an interlocutory and not a final
decision. It was, therefore, not appeal-
able under section 1291 of title 28,
United States Code. Baltimore Con-
tractors v. Bodinger, 1955, 348 U.S. 176,

179, 75 S.Ct. 249, 99 L.Ed. 233. As an interlocutory order it would only be appealable if it came within the limited group of such orders made appealable by section 1292 of title 28. The plaintiff argues that the order was in effect the denial of an injunction and that as such it was appealable under section 1292. We cannot agree.

It is true that in Enelow v. New York Life Insurance Co., 1935, 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440, and Shanferoke Coal & Supply Corp. of Delaware v. Westchester Service Corp., 1935, 293 U.S. 449, 55 S.Ct. 313, 79 L.Ed. 583, the Supreme Court held that an order granting or denying a stay based on an equitable defense or cross-bill interposed in an action at law is appealable as the equivalent of granting or denying an injunction. And it is further true that in Ettelson v. Metropolitan Life Insurance Co., 1942, 317 U.S. 188, 63 S.Ct. 163, 87 L.Ed. 176, this rule was applied in a civil action brought under the Federal Rules of Civil Procedure, 28 U.S.C. But in City of Morgantown, W. Va. v. Royal Ins. Co., 1949, 337 U.S. 254, 69 S.Ct. 1067, 93 L.Ed. 1347, and Baltimore Contractors v. Bodinger, 1955, 348 U.S. 176, 75 S.Ct. 249, 99 L.Ed. 233, the rule of the Enelow case was not applied. In the Morgantown case the insurance company had brought a suit for reformation of the contract. The insured counterclaimed seeking to enforce the contract as written and demanded a jury trial. The company moved to strike the demand, the court granted the motion and set the case for trial without a jury, and the insured appealed. In the Baltimore Contractors case the plaintiff sued for an accounting of the profits of a joint enterprise. The defendant moved for a stay of the action pending arbitration pursuant to section 3 of the federal Arbitration Act, 9 U.S.C. § 3. The court refused the stay and the defendant appealed. In each case the Supreme Court held that the order appealed from was merely a step in controlling the litigation before the trial court, not the refusal of an interlocutory injunction, and that it was accordingly not appealable.

It may be doubted in the light of the Morgantown and Baltimore Contractors cases how far the Enelow doctrine has survived.[1] However this may be, we may safely say that the doctrine does not apply in any case except possibly those in which the action is based on a common law claim and the stay is sought by the defendant on the basis of an equitable defense or counterclaim. For the doctrine is based upon the fiction that a court of equity, acting upon the equitable defense or counterclaim, is enjoining the prosecution of proceedings in a court of law.

It will be seen that the rule can have no application to the case before us. For here there is no equitable defense or

---

1. See in this connection the report of the Senate Committee on the Judiciary on H.R. 9730, the bill which became the Act of September 3, 1954, c. 1263, section 19 of which amended section 4 of title 9, United States Code. The report states, 1954 U.S.Congressional and Administrative News, p. 3999:

"Finally, the amendment provides that if the question as to whether the arbitration agreement was made, or as to whether there was a failure, neglect or refusal to perform it, is the issue, and the party allegedly in default demands a jury trial, the court shall make an order referring the issue or issues to a jury in the manner provided by the Federal Rules of Civil Procedure, or may specially call a jury for that purpose. Under the present provision, the referral shall be 'in the manner provided by law for referring to a jury issues in an equity action,' or the court 'may specially call a jury for that purpose.' As stated above, the Federal Rules of Civil Procedure merged actions at law and equitable actions into one form of action, known as a 'civil action.' Those rules provide the manner for jury trials, whether on demand or otherwise. See, particularly, Rules 38 and 39."

This would appear to be an indication of a legislative intent, at least in actions involving a petition for arbitration under title 9, United States Code, by the amendment of section 4 of that title to complete for all purposes the merger of the former actions at law and in equity into a single civil action.

counterclaim to support the fiction that the power of a court of equity has been invoked by a defendant to restrain the prosecution of a suit at law against him. On the contrary it is the plaintiff here which has asked the court to stay the trial of the first three counts of its own complaint while granting the relief asked for in the fourth. What it asked was no more than the hearing and determination of its fourth count prior to the first three. This was a mere procedural[2] order in the only suit pending, actual or fictional. There was here not even the shadow of a chancellor being asked to stay an action at law nor any semblance of a stay being sought against anyone but the plaintiff. Moreover to suggest that a plaintiff may invoke a chancellor's aid to enjoin himself from prosecuting his own lawsuit is indeed novel doctrine, too unrealistic for serious consideration.

The appeal will be dismissed.

2. Our conclusion is not inconsistent with the recent decision of the Supreme Court in Bernhardt v. Polygraphic Co., 1956, 76 S.Ct. 273, that the right to arbitration is a right which a federal court must regard as substantive under the doctrine of Erie v. Tompkins and as to which it must therefore apply the law of the state in which it sits. Such a right may be treated as substantive in the Erie sense while remaining essentially procedural in the ordinary meaning of that term. See Guaranty Trust Co. of New York v. York, 1945, 326 U.S. 99, 65 S.Ct. 1464, 89 L. Ed. 2079. Here, however, we are not dealing with the merits of the plaintiff's right to arbitration or the court's inferential denial of that right, but merely with the question whether the court's action in refusing to stay the counts for damages pending action upon the arbitration count was an appealable denial of an injunction.