George M. DAY, Administrator ad litem
of the Estate of Charles A. De
Priest, Deceased, Appellant,

v.

The PENNSYLVANIA RAILROAD
COMPANY.

No. 12105.

United States Court of Appeals
Third Circuit.

Argued Feb. 19, 1957.

Decided April 17, 1957.

James M. Davis, Jr., Mount Holly, N. J.
(Powell & Davis, Mount Holly, N. J., on
the brief), for appellant.

F. Morse Archer, Jr., Camden, N. J.
(Archer, Greiner, Hunter & Read, Camden, N. J., John B. Prizer, Richard N.
Clattenburg, Philadelphia, Pa., on the
brief), for appellee.

Before MARIS, McLAUGHLIN and
STALEY, Circuit Judges.

MARIS, Circuit Judge.

This is an appeal from an order of the
District Court for the District of New
Jersey staying proceedings in this diversity action pending a decision by the
National Railroad Adjustment Board.

On April 11, 1955, Charles A. DePriest
filed a complaint in the district court asserting that he had been employed as
a locomotive engineer by the defendant,
The Pennsylvania Railroad Company,
from May 13, 1918 until March 10, 1955
when he retired. He further asserted
that on March 1, 1941 the defendant railroad company and the Baltimore and
Eastern Railroad Company, as employers, and the Brotherhood of Locomotive
Engineers, a labor union, had entered into an agreement for the benefit of locomotive engineers employed by the two
railroads in both yard and road service,
of which DePriest was one, which provided, inter alia, that if an engineer employed by the defendant operated a train
over the trackage of a foreign railroad,
other than in an emergency, he performed a road service which entitled him to
one day's pay in addition to the day's
compensation to which he was entitled
for services on the road of his employer.
DePriest claimed that between February
1, 1948, when he was assigned to yard
service and the time of his retirement he
had performed services on between 1000

and 1500 occasions on the trackage of the Baltimore and Ohio Railroad which entitled him to compensation in the sum of $27,000. He alleged that his claims were denied by the defendant and that, due to his retirement, the National Railroad Adjustment Board had no jurisdiction of the matter and he accordingly was asserting his claims in this action in the district court.

The defendant moved to dismiss the action for lack of jurisdiction and in support of its motion filed an affidavit alleging that claims for additional wages under the same agreement had been filed against it by two former Philadelphia Terminal Division engineers, John J. Manning and Charles E. Freehoff, which after their death were progressed by their administrators to the First Division of the National Railroad Adjustment Board where they were docketed and are presently awaiting decision. The motion to dismiss was denied with leave to the defendant to request a reasonable stay of the trial of this action pending determination of like issues between other claimants and the defendant now before the National Railroad Adjustment Board. The defendant then filed its answer, generally denying DePriest's claims and asserting eight defenses thereto. It also moved for summary judgment on the ground that administrative remedies had not been exhausted or, in the alternative, sought an order staying all proceedings pending a decision by the National Railroad Adjustment Board interpreting the basic agreement involved in this case.

The district court, after hearing the motions held that the action involved the construction of a contract between a railroad employer and a labor union which under the provisions of the Railway Labor Act [1] was exclusively for determination by the National Railroad Adjustment Board, a requirement not affected by DePriest's voluntary retirement, and

that DePriest, although not a party to the claims pending before the Board, would be a person affected by any order of the Board in the matter, upon which an action could be maintained in the District Court. 145 F.Supp. 596. On September 28, 1956 an order was entered by the court in conformity with its opinion retaining jurisdiction of the matter but staying all proceedings until the Board decided the cases presently before it involving the same provisions of the contract in suit. This appeal by DePriest followed.[2]

At the outset we are met with the question whether the order in question is appealable. It is conceded that the order is interlocutory but the plaintiff urges jurisdiction under section 1292(1) of title 28, United States Code, which authorizes us to review interlocutory orders of the district courts granting or denying injunctions. The plaintiff relies upon Shanferoke Coal & Supply Corp. of Delaware v. Westchester Service Corp., 1935, 293 U.S. 449, 55 S.Ct. 313, 79 L.Ed. 583, in which the Supreme Court held that the grant or refusal by a court of equity of a stay of proceedings at law is a grant or refusal of an injunction and therefore appealable under the precursor of section 1292(1). The stay was asked for in that case because of the existence of an arbitration agreement between the parties and in order to permit arbitration to be had thereunder. The court's decision was expressly based upon the proposition that the special defense setting up the arbitration agreement was an equitable defense or cross-bill and that the motion for a stay was an application for an interlocutory injunction based on the special defense.

The difficulty with plaintiff's position here is that no such special equitable defense was set up in the present case. On the contrary the stay here was sought merely because of the rule of law laid down by the Supreme Court in Slocum v. Delaware L. & W. R. Co., 1950,

---

1. 45 U.S.C.A. § 151 et seq.

2. DePriest died on February 11, 1957 and his administrator has been substituted as plaintiff-appellant.

339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795, and Order of Railway Conductors of America v. Southern Railway Co., 1950, 339 U.S. 255, 70 S.Ct. 585, 94 L.Ed. 811, that the National Railroad Adjustment Board has exclusive jurisdiction to decide the question raised in this case as to the construction of the labor agreement here sued on. We are satisfied that under these circumstances the stay order of the district court was not an injunction based on an equitable defense or counterclaim but merely a regulation of the course of the action itself.[3] The Supreme Court in Enelow v. New York Life Ins. Co., 1935, 293 U.S. 379, 381–382, 55 S.Ct. 310, 311, 79 L.Ed. 440, made it clear that such a stay of proceedings is not an injunction but is granted by a court "in a cause pending before it by virtue of its inherent power to control the progress of the cause so as to maintain the orderly processes of justice." The same distinction was recently reiterated by the Supreme Court in Baltimore Contractors, Inc. v. Bodinger, 1955, 348 U.S. 176, 185, 75 S.Ct. 249, 254, 99 L.Ed. 233, when the court said with respect to an order staying proceedings pending arbitration:

"This ruling was a step in controlling the litigation before the trial court, not the refusal of an interlocutory injunction."[4] The distinction has been long recognized and it is well settled that the grant or denial of a stay of proceedings to await the determination of matters pending elsewhere is not an order granting or refusing an injunction and hence is not appealable.[5] It follows, since the order sought to be reviewed is not appealable, that the appeal must be dismissed.

Nonetheless we cannot ignore altogether the long delay which has taken place in the consideration of the pending claims by the National Railroad Adjustment Board.[6] Nor can we ignore the fact that even if the plaintiff's right is established by the Board the amount of the claim at least may well have to be established in the present action in the district court. We, therefore, think it not inappropriate to suggest that the district court, upon plaintiff's application, may well be moved to modify the existing stay of proceedings to the extent necessary to permit the parties to undertake depositions, discovery and other pretrial procedure in order that the evidence

3. City of Morgantown, W. Va. v. Royal Insurance Co., 1949, 337 U.S. 254, 69 S.Ct. 1067, 93 L.Ed. 1347; Baltimore Contractors, Inc., v. Bodinger, 1955, 348 U.S. 176, 75 S.Ct. 249, 99 L.Ed. 233.

4. In the light of this and other language of the Supreme Court in the Baltimore Contractors case it may be doubted whether anything survives of the rule applied in the Shanferoke Coal & Supply Corp. case. See our discussion as to this in Turkish State Railways Admin. v. Vulcan Iron Works, 3 Cir., 1956, 230 F. 2d 108, 109.

5. Cover v. Schwartz, 2 Cir., 1940, 112 F.2d 566; Triangle Conduit & Cable Co. v. National Electric Products Corporation, 6 Cir., 1942, 127 F.2d 524; United States v. Horns, 3 Cir., 1945, 147 F.2d 57; Beckhardt v. National Power & Light Co., 2 Cir., 1947, 164 F.2d 199; Phillips v. Securities and Exchange Commission, 2 Cir., 1948, 171 F.2d 180, 184; International Nickel Co. v. Martin J. Barry, Inc., 4 Cir., 1953, 204 F.2d 583. See also Turkish State Railways Admin. v. Vulcan Iron Works, 3 Cir., 1956, 230 F.2d 108.

6. The executive secretary of the National Railroad Adjustment Board, First Division, has made the following report, under date of March 28, 1957, to our clerk with respect to the cases of John J. Manning, Jr., Administrator of the Estate of John J. Manning v. Pennsylvania Railroad Company and Emily F. Freehoff, Administratrix of the Estate of Charles E. Freehoff v. Pennsylvania Railroad Company:
   "These cases are identified as our Dockets 31 249 and 31 250, respectively. They were placed on our Calendar as of the date oral hearing was held and will be taken in turn from the Calendar in accordance with our policy.
   "There are several factors, such as the number of cases which will be withdrawn, and whether or not the Division becomes deadlocked upon disposition, which prevent accurate determination as to when a given case will be reached and decided. At present there are three hundred and thirty cases ahead of these dockets on our Calendar of more than 2 300 cases."

which is now available may be preserved for use at the trial of the action when and if it takes place.

The appeal will be dismissed.