**George M. DAY, Administrator ad litem of the Estate of Charles A. DePriest, deceased, Plaintiff,**

v.

**The PENNSYLVANIA RAILROAD COMPANY, Defendant.**

Civ. No. 356–55.

United States District Court
D. New Jersey.

Sept. 5, 1957.

Powell & Davis, by James M. Davis, Jr., Mt. Holly, N. J., for plaintiff.

Archer, Greiner, Hunter & Read, by F. Morse Archer, Jr., Camden, N. J., for defendant.

MADDEN, District Judge.

On April 11, 1955, Charles A. DePriest filed a complaint in this court alleging that he had been employed as a locomotive engineer by the defendant, The Pennsylvania Railroad Company, from May 13, 1918, until March 10, 1955, when he retired. He further alleged that on March 1, 1941, the defendant-railroad company and the Baltimore and Eastern Railroad Company, as employers, and the Brotherhood of Locomotive Engineers, a labor union, had entered into an agreement for the benefit of locomotive engineers employed by the two railroads in both yard and road service, of which DePriest was one, which provided, among other things, that if an engineer employed by the defendant operated a train over the trackage of a foreign railroad other than in an emergency, he performed a road service which entitled him to one day's pay in addition to the day's compensation to which he was entitled

for services on the road of his employer. DePriest claimed that between February 1, 1948, when he was assigned to yard service, and the time of his retirement, he had performed services on between 1,000 and 1,500 occasions on the trackage of the Baltimore and Ohio Railroad which entitled him to compensation in the sum of $27,000. He alleged that his claims were denied by the defendant and that due to his retirement, the National Railroad Adjustment Board had no jurisdiction of the matter and he accordingly was asserting his claims in this action in this court.

The defendant moved to dismiss the action for lack of jurisdiction and in support of its motion filed an affidavit alleging that claims for additional wages under the same agreement had been filed against it before the First Division of the National Railroad Adjustment Board where they were presently awaiting decision. The motion to dismiss was denied with leave to the defendant to request a reasonable stay of the trial of this action pending determination of like issues between other claimants and the defendant then before the National Railroad Adjustment Board. Defendant filed answer and then moved for summary judgment on the ground that administrative remedies had not been exhausted or, in the alternative, sought an order staying all proceedings pending a decision by the National Railroad Adjustment Board interpreting the basic agreement involved in the case.

This court after hearing the motions held, in an opinion filed September 19, 1956, DePriest v. Pennsylvania R. Co., 145 F.Supp. 596, that the action involved the construction of a contract between a railroad employer and a labor union which under the provisions of the Railway Labor Act[1] was exclusively for determination by the National Railroad Adjustment Board, a requirement not affected by DePriest's voluntary retirement, and that DePriest, although not a party to the claims pending before the Board, would be a person affected by any order of the Board in the matter, upon which an action could be maintained in the District Court, citing Kirby v. Pennsylvania R. Co., 3 Cir., 1951, 188 F.2d 793. On September 28, 1956, an order was entered by this court in conformity with its opinion retaining jurisdiction of the matter but staying all proceedings until the Board decided the cases presently before it involving the same provisions of the contract in suit. DePriest appealed this order and pending the appeal DePriest died on February 11, 1957 and his administrator has been substituted as plaintiff.

On April 17, 1957, the Court of Appeals (for this Circuit) through Judge Maris, filed an opinion, 243 F.2d 485, holding that the order of September 28, 1956 was not appealable and the appeal would be dismissed but, likewise, suggesting to this court that upon plaintiff's application it might be well to modify the stay provisions of the order so that all pre-trial preparations might be completed and the matter ready for trial in the event of favorable disposition by the National Railroad Adjustment Board.

Immediately both plaintiff and defendant moved by appropriate motions before the court, the plaintiff for a modification of the stay order, the defendant on a motion to dismiss. The defendant's motion to dismiss was bottomed upon this court's previous opinion in the matter, together with the determination in Awards 18115, 18116 and 18117 of the First Division National Railroad Adjustment Board, which determinations were made March 15, 1957 (after argument before the Court of Appeals in this matter but before determination).

Inasmuch as this court had filed an opinion in another matter involving the question of jurisdiction between the courts and the National Railroad Adjustment Board; Barnett v. Pennsylvania-Reading Seashore Lines, 145 F.Supp. 731, and that such matter had, likewise, been appealed to the Court of Appeals,

1. 45 U.S.C.A. § 151 et seq.

and that argument had been had thereon on April 17, 1957, the court adjourned the matter until disposition of the Barnett matter by the Court of Appeals.

On May 28, 1957, 245 F.2d 579, the Court of Appeals, through Judge Goodrich, filed an opinion in the Barnett matter, supra, and these motions were then argued before this court on June 7, 1957.

An examination of defendant's motion discloses certified copies of the awards in three cases, all claims against the Pennsylvania Railroad Company, in the one, award 18115, Thomas J. Finlin, in the second, award 18116, and in the third, award 18117, all having in issue the interpretation of the very contract and the same factual circumstances involved in the present case, so we are confronted directly with the issue: Under these circumstances, does the National Railroad Adjustment Board have exclusive jurisdiction for the interpretation of the contract?

In its previous opinion in this matter, 145 F.Supp. 596, 599, this court said:

"If the interpretation of the pending matters on this question by the administrative body is against the claimants thereunder, is it binding upon this Court in the present matter? We think so, under the authority of the Slocum case, supra [Slocum v. Delaware, L. & W. R. Co., 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795], and Newman v. Baltimore and Ohio Railroad Co., 3 Cir., 1951, 191 F.2d 560."

If the present status of the law on this subject is the same, this statement would seem dispositive of the matter, at the same time the court is reluctant to take its own statement as sole authority for so holding.

In the DePriest case (Day v. Pennsylvania R. Co.), supra, Judge Maris said [245 F.2d 486]:

"* * * On the contrary the stay here was sought merely because of the rule of law laid down by the Supreme Court in Slocum v. Delaware, L. & W. R. Co., 1950, 339

U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795, and Order of Railway Conductors of America v. Southern Railway Co., 1950, 339 U.S. 255, 70 S. Ct. 585, 94 L.Ed. 811, that the National Railroad Adjustment Board has exclusive jurisdiction to decide the question raised in this case as to the construction of the labor agreement here sued on."

And further:

"* * * Nor can we ignore the fact *that even if the plaintiff's right is established by the Board* the amount of the claim at least may well have to be established in the present action in the district court. We, therefore, think it not inappropriate to suggest that the district court, upon plaintiff's application, may well be moved to modify the existing stay of proceedings to the extent necessary to permit the parties to undertake depositions, discovery and other pre-trial procedure in order that the evidence which is now available may be preserved for *use at the trial of the action when and if it takes place.*" (Emphasis supplied.)

To this court this at the very least creates an inference that Judge Maris was of a mind that the determination by the National Railroad Adjustment Board if it was against the position of the present plaintiff, was final.

In Barnett v. Pennsylvania-Reading Seashore Lines, supra, Judge Goodrich said [245 F.2d 581]:

"* * * A legislative policy permitting court reexamination of monetary awards but no review in cases where no award is made is not a matter for us to question unless it violates constitutional rights. This statutory scheme does not.

"The view just expressed, that there can be no judicial review when the Board fails to give relief to an employee, is that of other courts which have had occasion to examine the question. Sometimes

the conclusion is put on the basis that the statute giving the Board's order finality means what it says. No review is provided for and that is the end of it. Reynolds v. Denver & R. G. W. R. Co., 10 Cir., 1949, 174 F.2d 673; Weaver v. Pennsylvania R. R., D.C.S.D.N.Y.1956, 141 F. Supp. 214; Greenwood v. Atchison, T. & S. F. Ry. Co., D.C.S.D.Cal.1955, 129 F.Supp. 105; Futhey v Atchison, T. & S. F. Ry. Co., D.C.N.D.Ill. 1951, 96 F.Supp. 864; and Berryman v. Pullman Co., D.C.W.D.Mo. 1942, 48 F.Supp. 542, 543, where the court said: 'That finding is made final by the statute. There is no room for a subsequent inquiry into the same question by the Courts.' Occasionally res judicata is given as the reason. Ramsey v. Chesapeake & O. R. Co., D.C.N.D. Ohio 1948, 75 F.Supp. 740. Other decisions put the result squarely upon the election of remedies theory. Plaintiff having chosen to go to the Board, he cannot now, after losing, come to a court. Majors v. Thompson, 5 Cir., 1956, 235 F.2d 449; Michel v. Louisville & N. R. Co., 5 Cir., 188 F.2d 224, certiorari denied 1951, 342 U.S. 862, 72 S.Ct. 87, 96 L.Ed. 648; cf. Kelly v. Nashville, C. & St. L. Ry., D.C.E.D.Tenn.1948, 75 F.Supp. 737 (court action brought while proceedings were pending before the Board).

"Regardless of the path taken judicial authority arrives at the same place. The cases which preserve the possibility of court review if the Board has acted unconstitutionally or has gone outside its jurisdiction should be kept in mind. But they are not in point in this case which is a plain challenge to the decision reached by the Board on the merits of the plaintiff's claim."

This view seems also to be the opinion of the Fifth Circuit for in the matter of Sigfred v. Pan American World Airways, 1956, 230 F.2d 13, Judge Tuttle, speaking of the National Railroad Adjustment Board and the National Air Transport Adjustment Board, said at page 17:

"In the light of the declared aims of the Act, we also find it to be the intent of Congress to allow the parties to make the awards of such boards final and binding. Therefore, giving normal effect to these words, we refuse to review a challenged ruling of law, there being no question raised regarding the jurisdiction of the board or the regularity of its proceeding. * * *

"However, it was urged upon the district court that the system board's construction of the agreement is arbitrary and capricious. If we regard this as an assertion that the board's arbitrariness rose to the level of a denial of due process, it is not amiss to add that we regard the board's interpretation of the agreement not only entirely reasonable, but we believe it to be the correct interpretation."

And further (at page 18):

"The interpretation of such an agreement was held by the Slocum case to be within the exclusive jurisdiction of the statutory board there involved."

It is therefore, the opinion of this court that the National Railroad Adjustment Board had the contract in question in the present case before it for interpretation in like circumstances; that the present plaintiff did not necessarily have to appear before such Board under the holding of Kirby v. Pennsylvania R. Co., supra; and that the question of interpretation of the labor agreement was exclusively in the National Railroad Adjustment Board and its finding is final and binding upon the plaintiff in this case.

Consequently, the defendant's motion to dismiss will be granted and it, therefore, becomes unnecessary to consider the motion of plaintiff to modify the stay.

Counsel will prepare an appropriate order.