### FUTHEY v. ATCHISON, T. & S. F. RY. CO. et al.

#### Civ. A. 49 C 1756.

United States District Court
N. D. Illinois, E. D.

Jan. 26, 1951.

Wm. R. Murphy, John J. Enright, and Charles A. Boyle, Chicago, Ill., for plaintiff.

W. J. Milroy and Philip E. vonAmmon, Chicago, Ill., for defendant Santa Fe Ry. Co.

Gerald L. Phelps, Sp. Asst. to Atty. Gen. for defendant Nat. R. R. Adj. Board.

IGOE, District Judge.

This cause comes on to be heard on the motions of both defendants to dismiss the Second Amended Complaint. For the

purpose of passing upon these motions the Court has taken as true all facts well pleaded in the Second Amended Complaint and all facts set forth in the affidavits filed by defendant The Atchison, Topeka and Santa Fe Railway Company (Santa Fe) in support of its motion to dismiss, none of which has been disputed by the plaintiff. Having considered the pleadings and the briefs and arguments of counsel, the Court makes the following Findings of Fact and Conclusion of Law:

Findings of Fact

1. Plaintiff is a citizen and resident of the State of Illinois. Defendant Santa Fe is a railroad corporation organized under the laws of the State of Kansas and doing business in Illinois. Defendant National Railroad Adjustment Board, First Division, is an agency created by and pursuant to the Railway Labor Act, 45 U.S.C.A. § 151 et seq.

2. Plaintiff entered the employ of defendant Santa Fe as a locomotive engineer on August 25, 1906, and continued in that employment until October 9, 1924. He was a member in good standing of the Brotherhood of Locomotive Engineers, an unincorporated labor organization, which was and still is the collective bargaining agent under the Railway Labor Act for all persons employed as locomotive engineers by defendant Santa Fe.

3. On October 9, 1924, an order was entered by the Judge of the County Court of Cook County, Illinois, in a case then pending in said Court entitled "In the Matter of Lawrence Futhey, alleged insane, case No. 82640," adjudicating plaintiff herein of unsound mind on the report of a medical commission duly impanelled by said Court and committing plaintiff to the State Mental Hospital at Kankakee, Illinois.

4. On June 26, 1925, plaintiff was paroled from said mental hospital. Thereafter, a petition for restoration was filed by plaintiff in the cause then pending in the County Court of Cook County, Illinois, and on January 15, 1926, the Judge of said Court entered an order restoring plaintiff to all the rights and privileges of a sane person. Said order has never been modified or vacated.

5. On January 18, 1926, plaintiff requested defendant Santa Fe to reinstate plaintiff on the seniority roster of the defendant and to restore him to duty as a locomotive engineer. This request was handled with defendant by the duly authorized officers of the Brotherhood of Locomotive Engineers pursuant to the provision of the Railway Labor Act. The defendant Santa Fe refused to grant the request and refused to restore plaintiff to the seniority roster of the Company or reinstate him as a locomotive engineer.

6. On May 27, 1939, plaintiff, through the Brotherhood of Locomotive Engineers, filed with the Secretary of the National Railroad Adjustment Board, First Division, notice of intention to file his *ex parte* submission claiming reinstatement in the service of defendant Santa Fe as a locomotive engineer with all rights restored and payment for time lost from January 15, 1926. Thereafter plaintiff filed his submission, docketed under No. 7976, in which he stated that he was released from the Kankakee Hospital but made no mention of the order of restoration entered by the Judge of the County Court of Cook County on January 15, 1926. Thereafter defendant Santa Fe filed with the Secretary of the said First Division its reply to plaintiff's *ex parte* submission in which defendant stated, among other things, that plaintiff's insanity rendered him unsafe for service as a locomotive engineer.

7. On October 4, 1939, a hearing was held in Docket No. 7976, Brotherhood of Locomotive Engineers—The Atchison, Topeka and Santa Fe Railway Company, before the First Division of the National Railroad Adjustment Board. Plaintiff and his representative, the general Chairman of the Brotherhood of Locomotive Engineers, were present at said hearing and were given an opportunity to be heard. Neither made any reference to the restoration order entered by the Judge of the County Court of Cook County on January 15, 1926. On April 22, 1940, the said First

Division, with a Referee sitting as a member of said Division pursuant to the provisions of the Railway Labor Act, entered its award No. 4716 in Docket No. 7976 denying the claim asserted by plaintiff. The said award was as follows: "the carrier's action in this case is supported by the Judgment of the Cook County Court of October 9, 1924, which stands unreversed and under the circumstances cannot be impeached collaterally before this Division."

8. This action was commenced by the filing of a complaint herein on October 28, 1949. The Second Amended Complaint contains three counts. The jurisdiction of this Court is said to be based upon the Fifth Amendment to the Constitution of the United States. Counts I and II, which were based upon an alleged breach of contract, have been dismissed on plaintiff's motion. Count III alleges that the award of the National Railroad Adjustment Board, First Division, is contrary to fact and contrary to law and prays that the award be vacated and set aside and that defendant Board be directed to grant plaintiff a rehearing.

### Conclusion of Law

1. This Court lacks jurisdiction to grant the relief prayed in Count III of the Second Amended Complaint to direct the defendant Board to vacate and set aside its award and to grant plaintiff a rehearing on the merits. Under the provisions of Section 3, First, (m) of the Railway Labor Act, 45 U.S.C.A. § 153, First (m), the awards of the several divisions of the Adjustment Board shall be final and binding upon both parties to the dispute except insofar as they shall contain a money award. Award No. 4716 of the First Division of the National Railroad Adjustment Board, Docket No. 7976, dated April 22, 1940, does not contain a money award. Although the Second Amended Complaint alleges that the jurisdiction of this Court is based upon the Fifth Amendment to the Constitution of the United States, there is nothing in the record to suggest that the First Division failed to proceed in accordance with the provisions of the Railway Labor Act or that in the consideration and determination of Docket No. 7976 it deprived plaintiff of any rights constitutionally protected by the Fifth Amendment. The Second Amended Complaint alleges that the award was erroneous in that it failed to take into consideration facts which were not before the Division. These allegations state no basis upon which this Court may, in the exercise of its statutory jurisdiction, review or set aside the award of the Board. Washington Terminal Co. v. Boswell, 1942, 75 U.S.App.D.C. 1, 124 F.2d 235, affirmed 319 U.S. 732, 1943, 63 S.Ct. 1430, 87 L.Ed. 1694; Reynolds v. Denver & R. G. W. R. Co., 10 Cir., 1949, 174 F.2d 673; Starke v. New York, Chicago, & St. Louis Railroad Co., 7 Cir., 1950, 180 F.2d 569; Switchmen's Union of North America v. National Mediation Board, 1943, 320 U.S. 297, 64 S.Ct. 95, 88 L.Ed. 61.

The Court finds the issues in favor of defendants and each of them, sustains the motions of the defendants to dismiss the Second Amended Complaint, and herewith enters judgment in favor of defendants and each of them with costs.