## PARKER v. ILLINOIS CENT. RY. CO. et al.

### No. 52 C 398.

United States District Court
N. D. Illinois, E. D.

Oct. 22, 1952.

Sam Silver (of Silver, Marciniak & Doherty), Chicago, Ill., for plaintiff.

Burke Williamson (of Adams, Williamson & Turney), Chicago, Ill., for involuntary plaintiff.

Herbert J. Deany, Wayne M. Hoffman, and Charles I. Hopkins, Jr., Chicago, Ill., Otto Kerner, Jr., U. S. Atty. for Northern Dist. of Ill., Chicago, Ill., for defendants.

CAMPBELL, District Judge.

This is a petition to review and set aside an award of the National Railroad Adjustment Board. The complaint contains four counts, each of which sets forth the following allegations: From November 1938 to August 1946, plaintiff was employed by the Illinois Central Railway Company as a switchman and engine foreman. On August 28, 1946, plaintiff was discharged from the service of Illinois Central for an alleged violation of one of its Operating Rules. The plaintiff then filed a grievance with a Lodge of the Brotherhood of Railroad Trainmen, wherein he demanded that he be reinstated in the service of Illinois Central with seniority unimpaired and paid for all time lost. The dispute growing out of said grievance was submitted to the First Division, National Railroad Adjustment Board for adjustment. The Division failed to agree upon an award because of a deadlock, and, pursuant to the provisions of the Railway Labor Act, 45 U.S.C.A. § 151 et seq., a referee was selected to sit with the Division and make an award. The award suggested by the referee and adopted by the Division denied plaintiff's request to be reinstated in the service of Illinois Central with seniority unimpaired, and denied plaintiff's demand for pay for all time lost.

In the First Count of the complaint, plaintiff alleges that the award was contrary to the law and the evidence. In the Second Count, plaintiff states that since an adverse award would not be conclusive as to Illinois Central, the award in the instant case is not conclusive as to plaintiff, but is reviewable by this court. In the Third Count, plaintiff alleges that the award was arbitrary, capricious, and unsupported by the evidence, and therefore deprived plaintiff of a property right in violation of the Fifth Amendment to the Constitution. Finally, in the Fourth Count, plaintiff contends that since Section 3 of the Railway Labor Act grants employers a right to judicial review of adverse National Railroad Adjustment Board awards, but denies a similar right to employees, said Section contravenes the Fifth Amendment to the Constitution. Plaintiff further contends

that the powers conferred upon the National Railroad Adjustment Board by Section 3 of the Railway Labor Act "constitute an unconstitutional delegation of judicial power to a non-governmental administrative tribunal." In each of the four counts, plaintiff asks the court to set aside the award ordered by the National Railroad Adjustment Board, to order plaintiff's reinstatement in the service of Illinois Central with seniority rights unimpaired, and to order that Illinois Central pay plaintiff for all time lost.

The matter is now before the court on the motion of the Brotherhood of Railroad Trainmen to be dismissed as an involuntary plaintiff, and the motion of Illinois Central Railway Company for summary judgment as to each of the four counts of the complaint.

(1) The complaint indicates that the Brotherhood of Railroad Trainmen is the collective bargaining agent of the class of railroad employees of which plaintiff was a member, and, in that capacity, the Brotherhood represented plaintiff before the National Railroad Adjustment Board. The complaint indicates no other relationship between the Brotherhood and the plaintiff. Federal Rules of Civil Procedure, Rule 19, 28 U.S.C.A. provides that "persons having a joint interest shall be made parties", and "When a person who should join as a plaintiff refuses to do so, he may be made a defendant or, in proper cases, an involuntary plaintiff." Plaintiff's allegations do not disclose that he and the Brotherhood have a "joint interest" in this suit, and plaintiff certainly has not brought this suit as a class action under Rule 23. The motion of the Brotherhood of Railroad Trainmen to be dismissed as an involuntary plaintiff must therefore be granted.

(2) The principal question posed by Illinois Central's motion for summary judgment is whether or not the action of the National Railroad Adjustment Board in denying plaintiff's claim is reviewable by this court. Section 3, subd. 1(m) of the Railway Labor Act, 45 U.S.C.A. § 153, subd. 1(m), provides:

"The awards of the several divisions of the Adjustment Board shall be stated

in writing. A copy of the awards shall be furnished to the respective parties to the controversy, and the awards shall be final and binding upon both parties to the dispute, except insofar as they shall contain a money award."

Plaintiff argues that the Board refused to order Illinois Central to reimburse him for lost pay, and that this refusal was a "money award" as that term is used in the exception specified in Section 3, subd. 1(m). It is. plaintiff's contention that "whether the administrative decision is negative or positive is immaterial so long as it is a decision (award) in reference to money." This contention is neither novel nor correct. In Reynolds v. Denver & Rio Grande Western R. Co., 10 Cir., 1949, 174 F.2d 673, 675, the court construed Section 3, subd. 1(m) in this manner:

"It would seem that this language is clear and susceptible only of one construction, namely, that in cases other than where a money award is made the judgment of the Board is final and binding upon the parties thereto. This is the construction which has been placed upon the provisions of the act by the courts which have considered this question."

In Berryman v. Pullman Co., D.C.Mo., 1942, 48 F.Supp. 542, 543, the plaintiff-employee had petitioned the National Railroad Adjustment Board to order his former employer to reimburse him for wages lost because of an allegedly wrongful discharge. The petition was denied by the Board. In the subsequent district court suit, the court stated:

"The award of the Adjustment Board contained no money award. It did determine that plaintiff was discharged because of and as a result of his own misbehavior. That finding is made final by the statute. There is no room for a subsequent inquiry into the same question by the Courts."

The same result was reached in Ramsey v. Chesapeake & Ohio R. Co., D.C.Ohio, 1948, 75 F.Supp. 740.

■ This court therefore holds that Section 3, subd. 1(m) renders the award of the National Railroad Adjustment Board "final and binding" upon the plaintiff. However, this holding does not preclude a judicial review of the validity of the award. Elgin, Joliet & Eastern R. Co. v. Burley, 1945, 325 U.S. 711, 720, 65 S.Ct. 1282, 89 L. Ed. 1886. If, as alleged in the Third Count of the complaint, the award were not supported by substantial evidence, this court would have the power to set it aside. To that extent, the award is not "final". Compare Dahlberg v. Pittsburgh & L. E. R. Co., 3 Cir., 1943, 138 F.2d 121. However, the award in the instant case, which is made part of the complaint, contains detailed findings of fact and conclusions of law. The Board concedes in its award that "The evidence in this case is conflicting and not as conclusive as it might have been," but concludes that "If there be evidence of a substantial character present in the record that supports the action taken by the carrier [defendant herein], and where it does not clearly appear that the carrier acted arbitrarily, and if a fair hearing has been given to the men charged, this Division will not substitute its judgment for that of the carrier." And this court now holds that it will not substitute its judgment for that of the Board. The award carries a presumption of validity, and the plaintiff must affirmatively allege such defects as would render it invalid. Kirby v. Pennsylvania R. Co., 3 Cir., 1951, 188 F.2d 793. Since plaintiff has failed to allege facts which, if proved, would render the award invalid, and since the award itself outlines the findings of fact upon which it is based, the court cannot now review the Board proceedings.

■ Plaintiff's attack on the constitutionality of Section 3 of the Railway Labor Act raises the only remaining issue. Plaintiff asserts that Section 3 contravenes the "due process" and "equal protection" clauses of the Fifth Amendment to the Constitution, in that it permits employers to appeal adverse awards, but does not permit appeals by employees. However, as stated earlier in this memorandum, the employee does have a right to a limited judicial review of adverse awards. The Court of Appeals made this clear in Hargis v. Wabash Railroad Co., 7 Cir., 1947, 163 F.2d 608. If

such a right to review did not exist, serious constitutional objections to the statute would arise. However, as the statute has now been construed, employees generally, and the plaintiff herein have not been deprived of constitutional rights. Plaintiff was entitled to a hearing before the National Railroad Adjustment Board. If the Board exceeded or abused its powers at the hearing, or if the Board failed to grant a hearing without good cause, plaintiff may so state with particularity, and this court will then be empowered to entertain his suit. As the complaint is now framed, plaintiff is bound by the decision of the Board, and the court is compelled to grant Illinois Central Railway Company's motion for summary judgment as to each of the four counts of the complaint.

Motion of Brotherhood of Railroad Trainmen to be dismissed as an involuntary plaintiff herein is hereby granted.

Motion of defendant Illinois Central Railway Company for summary judgment is hereby granted, and judgment is hereby entered in favor of said defendant as to each of the four counts of the complaint.