**Belford BARNETT, Appellant,**

v.

**PENNSYLVANIA–READING SEA-SHORE LINES.**

No. 12137.

United States Court of Appeals Third Circuit.

Argued April 17, 1957.

Decided May 28, 1957.

Rehearing Denied June 21, 1957.

James M. Davis, Jr., Mount Holly, N. J. (Powell & Davis, Mount Holly, N. J., on the brief), for appellant.

Blaine E. Capehart, Camden, N. J. (Richards, Capehart & Wood, Camden, N. J., on the brief), for appellee.

Before GOODRICH, STALEY, and HASTIE, Circuit Judges.

GOODRICH, Circuit Judge.

This case involves the question of court help following a decision of the National Railroad Adjustment Board. Plaintiff brought an action in the federal district court for the District of New Jersey seeking, through an injunctive order, reinstatement to his last regular position with defendant railroad and compensation for loss of earnings and pension rights. The district court dismissed the petition, D.N.J.1956, 145 F.Supp. 731, and the plaintiff appeals.

Plaintiff claimed an undertaking by defendant to employ him as baggage master for the remainder of his life if he would drop a lawsuit seeking damages for personal injuries then in course of litigation against the defendant. Plaintiff said that he was discharged by the railroad in violation of the contract. He took the matter to the National Railroad Adjustment Board which decided against him on the basis that the "dispute was settled on the property by and between the parties to the controlling agreement * * *." Now the plaintiff seeks to have the Board's decision reviewed on the merits in a federal court.

Section 3, First (m), of the Railway Labor Act, 45 U.S.C.A. § 153, First (m), provides that awards of the Board "shall be final and binding upon both parties to the dispute, except insofar as they shall contain a money award." Plaintiff relies on Section 3, First (p), 45 U.S.C.A. § 153, First (p), which provides that if a carrier does not comply with an order of the Board, any person for whose benefit the order was made may sue on it in a district court. That Section was designed to provide for judicial enforcement of money awards against carriers which awards were exempted from the finality provisions of Section 3, First (m). Section 3, First (p) makes the findings and order of the Board prima-facie evidence only and the enforcing court will review the awards on the merits. We have had occasion in earlier cases to deal with this aspect of the Board's orders. Kirby v. Pennsylvania R. Co., 3 Cir., 1951, 188 F.2d 793; Dahlberg v. Pittsburgh & L. E. R. Co., 3 Cir., 1943, 138 F.2d 121. These cases involved enforcement suits and are not in point here.

■■ Here we have another and different question. Plaintiff insists that Section 3, First (p) gives the district courts jurisdiction to review when a claim has failed as well as when it results in a monetary award. Or, plaintiff urges, if the statute provides for review for the carrier when the Board's decision is in favor of the employee, and not for the employee when the decision is in favor of the carrier, then the statute is unconstitutional.

We do not think that either of these propositions is true. Plaintiff suggests that he was forced to take his claim to the Board. But Moore v. Illinois Central R. Co., 1941, 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089, holds to the contrary. See also Slocum v. Delaware, L. & W. R. Co., 1950, 339 U.S. 239, 70 S.Ct. 577, 94 L. Ed. 795. The plaintiff, under the authority of the Moore case, could have sued the defendant for money damages for breach of contract. If he won he would be entitled to such damages as flow from the breach. True, he could not have had specific performance to reinstate him in his position. That is the kind of an order which an equity court does not make. Restatement, Contracts § 379, and illustration 2 thereto (1932); 5 Williston, Contracts § 1423A (1937). Instead, plaintiff chose to go to the Board and lost. There is no allegation, however, that the Board refused to hear his complaint, that it failed to give notice of its hearing or any other allegations which point to a violation of procedural due process.

Plaintiff seeks review on the merits of his claim. For this we find no authority in the statute and see nothing applicable to a situation where no award has been made in the paragraph which gives procedure for testing the validity of a money award. If the statute let a successful carrier relitigate the validity of an award made by the Board but shut off a complainant without any review if he lost before the Board, we would perhaps have a situation where the point of discrimination might be raised if plaintiff was bound to submit his claim to the Board. But, as already stated, he is not so bound to do. If he chooses to press his claim before the Board because of informality of procedure or some other reason, he cannot complain of lack of mutuality since another route for the goal of recovery was open to him. A legislative policy permitting court re-examination of monetary awards but no review in cases where no award is made is not a matter for us to question unless it violates constitutional rights. This statutory scheme does not.

The view just expressed, that there can be no judicial review when the Board fails to give relief to an employee, is that of other courts which have had occasion to examine the question. Sometimes the conclusion is put on the basis that the statute giving the Board's order finality means what it says. No review is provided for and that is the end of it. Reynolds v. Denver & R. G. W. R. Co., 10 Cir., 1949, 174 F.2d 673; Weaver v. Pennsylvania R. Co., D.C.S.D.N.Y.1956,

141 F.Supp. 214; Greenwood v. Atchison, T. & S. F. Ry. Co., D.C.S.D.Cal.1955, 129 F.Supp. 105; Futhey v. Atchison, T. & S. F. Ry. Co., D.C.N.D.Ill.1951, 96 F. Supp. 864; and Berryman v. Pullman Co., D.C.W.D.Mo.1942, 48 F.Supp. 542, 543, where the court said: "That finding is made final by the statute. There is no room for a subsequent inquiry into the same question by the Courts." Occasionally res judicata is given as the reason. Ramsey v. Chesapeake & O. R. Co., D.C. N.D.Ohio 1948, 75 F.Supp. 740. Other decisions put the result squarely upon the election of remedies theory. Plaintiff having chosen to go to the Board, he cannot now, after losing, come to a court. Majors v. Thompson, 5 Cir., 1956, 235 F.2d 449; Michel v. Louisville & N. R. Co., 5 Cir., 188 F.2d 224, certiorari denied, 1951, 342 U.S. 862, 72 S.Ct. 87, 96 L.Ed. 648; cf. Kelly v. Nashville, C. & St. L. Ry., D.C.E.D.Tenn.1948, 75 F. Supp. 737 (court action brought while proceedings were pending before the Board).

▆ Regardless of the path taken judicial authority arrives at the same place.[1] The cases which preserve the possibilty of court review if the Board has acted unconstitutionally or has gone outside its jurisdiction should be kept in mind.[2] But they are not in point in this case which is a plain challenge to the decision reached by the Board on the merits of the plaintiff's claim.

The judgment of the district court will be affirmed without costs.

---

1. Occasional variations in language and also in point of view are inevitable to constructions in the formative stage. For example, in Parker v. Illinois Cent. R. Co., D.C.N.D.Ill.1952, 108 F.Supp. 186, 188, the court said by way of dictum, "if * * * the award [which denied plaintiff's claim] were not supported by substantial evidence, this court would have the power to set it aside." Again in Hargis v. Wabash R. Co., 7 Cir., 1947, 163 F.2d 608, 611, one judge suggested the review provisions of the Administrative Procedure Act were applicable.

We think the review provisions of that Act are inapplicable for two reasons. (1) Section 10(1), 5 U.S.C.A. § 1009(1), specifically excepts instances such as this where the statute precludes judicial review. (2) The provisions apply to an "agency" which Section 2(a) (1), 5 U.S. C.A. § 1001(a) (1), defines to exclude "agencies composed of representatives of the parties or of representatives of organizations of the parties to the disputes determined by them." Cf. Kirkland v. Atlantic Coast Line R. Co., 83 U.S.App.D.C. 205, 167 F.2d 529, certiorari denied, 1948, 335 U.S. 843, 69 S.Ct. 65, 93 L.Ed. 393.

2. Elgin, J. & E. Ry. Co. v. Burley, 1945, 325 U.S. 711, 65 S.Ct. 1282, 89 L.Ed. 1886, 1946, adhered 327 U.S. 661, 66 S. Ct. 721, 90 L.Ed. 928 (union before Board not authorized to bind absent employees); Brotherhood of Railroad Trainmen v. Templeton, 8 Cir., 181 F.2d 527, certiorari denied 340 U.S. 823, 71 S.Ct. 57, 95 L.Ed. 605, 1950, rehearing denied 340 U.S. 885, 71 S.Ct. 193, 95 L.Ed. 643 (failure to give notice); Edwards v. Capital Airlines, 84 U.S.App. D.C. 346, 176 F.2d 755, certiorari denied, 1949, 338 U.S. 885, 70 S.Ct. 186, 94 L.Ed. 543 (conflict of interest between Board members and employees).