William STRANFORD, Plaintiff,

v.

The PENNSYLVANIA RAILROAD COMPANY, Defendant.

Civ. No. 445-56.

United States District Court
D. New Jersey.

Sept. 5, 1957.

Powell & Davis, by James M. Davis, Mt. Holly, N. J., for plaintiff.

Archer, Greiner, Hunter & Read, by F. Morse Archer, Jr., Camden, N. J., for defendant.

MADDEN, District Judge.

This matter is presently before the court upon a motion to dismiss the complaint filed herein by the plaintiff, William Stranford, a citizen of Pennsylvania, against his former employer, The Pennsylvania Railroad Company, a corporation of and for these considerations a citizen of Pennsylvania, who, after having been to the National Railroad Adjustment Board upon the underlying gravamen and having received an unfavorable disposition, comes here.

The motion to dismiss the complaint is made upon three grounds, namely, (1) lack of jurisdiction in this court over the subject matter; (2) failure to set forth a claim upon which relief can be granted; and (3) failure to join an indispensable party.

In the complaint the plaintiff makes the following allegations of fact: On November 12, 1917, he was employed by the defendant company as a locomotive fireman; at that time there was in effect a collective bargaining agreement between the defendant company and the Brotherhood which, first, protected him from a discharge from employment except for good cause and then only after he had been accorded an opportunity to be heard on formal charges, and secondly, guaranteed him employment or compensation for employment on the basis of seniority; that commencing on February 6, 1950, he was not permitted to work for the assigned reason that he was "sleeping while on duty"; and that this action was taken against him without good cause, without formal charges and without a hearing as provided in the aforesaid agreement.

The plaintiff further avers that he made demands for compensation which were denied; that he then commenced to process his claim through the grievance procedure established by the before mentioned contract; that he appeared before the General Manager of the Eastern Region of Pennsylvania Railroad Company, who for the first time, ascribed as the reason for the refusal to allow him to work, his affliction with syphilis; that in this charge, the General Manager relied upon allegations to that effect made by the company physician; that this charge was in fact false and unfounded as he has never suffered from syphilis and that this was known to the defendant; that therefore the charge was maliciously made for the purpose of attempting to cancel the defendant's breach of contract.

The complainant further alleges that he submitted his claim for compensation and reinstatement to the Railroad Adjustment Board; that the hearing before the Board was tainted with such irregularities as the failure to confront him with witnesses and the submission and introduction into evidence of the defendant's unverified files and documents; that an adverse decision was rendered by the Board on May 17, 1956, and that it was the result of irregularities, especial-

ly since the Referee who cast the deciding vote against him did so without hearing the argument of his counsel; and that this decision, inasmuch as it adversely affected his rights, was rendered in violation of the national Railway Labor Act and the Fifth Amendment to the Constitution in that it was not rendered pursuant to a fair and impartial hearing and constitutes a taking of his property without due process of law.

In his assertions the plaintiff contends that the findings of the Board are unsupported by any substantial evidence and that said findings are arbitrary, capricious and unreasonable; that because of the collective bargaining agreement and the Railway Labor Act he was denied his right of trial by jury in violation of the Seventh Amendment to the Constitution; that he suffered mental pain and anguish and disruption of his marital relationship as a result of the opprobrious character of the accusations made by the defendant; and finally, that he suffered a loss of wages in the sum of $40,150 and will in the future suffer a loss of wages because of the defendant's breach of contract.

In his prayer for relief the plaintiff seeks a trial by jury; both compensatory and punitive damages; reinstatement; a declaratory judgment voiding the decision of the Railroad Adjustment Board; a declaratory judgment declaring that he was never afflicted with syphilis; and an injunction ordering the defendant to expunge from its records (including its medical records) any reference to the plaintiff ever having had syphilis and further, prohibiting the defendant, its agents or servants from alleging that the plaintiff was ever afflicted with said disease.

■ Before proceeding with any further disquisition of this matter, it should be stated that pleadings are no longer tested by the rigid standard of the common law with prescribed verbal formulae but by the more liberal standards promulgated in the Federal Rules of Civil Procedure, 28 U.S.C.A.; accordingly, the court will afford the complainant a liberal construction of his allegations and treat the complaint as though it properly presents the individual claims alleged therein.

See Continental Collieries v. Shober, 3 Cir., 1942, 130 F.2d 631, at page 635, where Judge Jones said:

"However the court in the Leimer case [Leimer v. State Mut. Life Assurance Co., 8 Cir., 108 F.2d 302], went on to admonish that there is no justification for dismissing a complaint for insufficiency of statement, except where it appears to a certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of the claim. * * * No matter how likely it may seem that the pleader will be unable to prove his case, he is entitled, upon averring a claim, to an opportunity to try to prove it."

We have here, in our opinion, a complaint alleging several causes of action and possibly urging several grounds in support thereof. We have as follows:

(a) A Tort action for slander and libel growing out of the common law.

(b) A claim for wrongful discharge which is in effect a breach of contract action and, likewise, a common law action.

(c) A claim for reinstatement and back pay which would, likewise, be a common law action but equitable in nature.

(d) A Declaratory Judgment action.

(e) An action for review of the decision of the National Railroad Adjustment Board upon both the merits and the alleged procedural irregularities of that body.

The plaintiff alleges jurisdiction in this court based upon five congressional acts for it is elementary that this being a statutory court jurisdiction must flow from legislative action of the Congress. The Acts cited are:

(1) The Railway Labor Act, 45 U.S.C.A. § 151 et seq.

(2) The Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq.

(3) The Declaratory Judgment Act, 28 U.S.C.A. §§ 2201, 2202.

(4) The Act of June 25, 1948, Ch. 646, 62 Stat. 930, creating original jurisdiction in United States District Courts over civil suits exceeding $3,000 and presenting a federal question, 28 U.S.C.A. § 1331.

(5) The Act of June 25, 1948, Ch. 646, 62 Stat. 931, creating original jurisdiction in United States District Courts over civil actions arising under congressional acts regulating commerce, 28 U.S.C.A. § 1337.

The first problem to be met is the challenge to the court's jurisdiction, and where, as here, several causes of action are joined in the one complaint, the courts are guided in determining whether the court has jurisdiction by the principles laid down by Mr. Justice Sutherland for the Supreme Court in Hurn v. Oursler, 1932, 289 U.S. 238, at page 246, 53 S.Ct. 586, at page 589, 77 L.Ed. 1148, where he said:

"But the rule does not go so far as to permit a federal court to assume jurisdiction of a separate and distinct nonfederal cause of action because it is joined in the same complaint with a federal cause of action. The distinction to be observed is between a case where two distinct grounds in support of a single cause of action are alleged, one only of which presents a federal question, and a case where two separate and distinct causes of action are alleged, one only of which is federal in character. In the former, where the federal question averred is not plainly wanting in substance, the federal court, even though the federal ground be not established, may nevertheless retain and dispose of the case upon the nonfederal ground; in the latter it may not do so upon the nonfederal cause of action."

Under this principle we will, therefore, view each alleged cause of action separately and distinctly in the light of jurisdictional attack.

First, the Tort action for slander and libel. This, as the court has said, is a common law action and jurisdiction here could only be had upon diversity of citizenship, together with jurisdictional amount. Jurisdiction upon this ground has not and could not be validly alleged here, under the Act of June 25, 1948, Ch. 646, 62 Stat. 930, 28 U.S.C.A. § 1332, for it is apparent from the face of the complaint that both plaintiff and defendant are citizens of Pennsylvania. No jurisdiction of this type of action is found in any of the statutes cited by plaintiff or known to the court.

We now consider the alleged cause of action for wrongful discharge. This, as illustrated by Moore v. Illinois R. Co., 1941, 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089, is a common law action and a prerequisite would be diversity and jurisdictional amount. Here the diversity element is lacking, and hence the court lacks jurisdiction. Assuming, however, for the sake of argument that diversity was present, the action could not be maintained for the reason that the plaintiff had elected to pursue his remedy administratively through the Railroad Adjustment Board, established under and by virtue of the national Railway Labor Act, supra, and having made such an election, cannot now, after being unsuccessful therein, come to court. See Moore v. Illinois R. Co., supra; Slocum v. Delaware, L. & W. R. Co., 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795; Majors v. Thompson, 5 Cir., 1956, 235 F.2d 449; Michel v. Louisville & N. R. Co., 5 Cir., 188 F.2d 224, certiorari denied 342 U.S. 862, 72 S.Ct. 87, 96 L.Ed. 648; and more recently in this circuit, Barnett v. Pennsylvania-Reading Seashore Lines, 3 Cir., 245 F.2d 579.

We next come to the claim for reinstatement to his former position, together with back pay. This question was directly decided by Barnett v. Pennsylvania-Reading Seashore Lines, supra. The statute (The national Railway Labor Act, 45 U.S.C.A. § 153, subd. 1(m))

provides that the remedy before the Board, if sought by the employee, shall be exclusive, in the following language:

"(m) The awards of the several divisions of the Adjustment Board shall be stated in writing. A copy of the awards shall be furnished to the respective parties to the controversy, *and the awards shall be final and binding upon both parties to the dispute,* except insofar as they shall contain a money award." (Emphasis supplied.)

It is, therefore, clear under the authority of the statute as interpreted in the Moore, Slocum and Barnett cases that this court is without jurisdiction to order reinstatement and back pay.

■ We come then to the claim for a declaratory judgment to declare that plaintiff does not and never did have syphilis and accompanying injunctive relief concerning expunging the records.

■ This court has no jurisdiction to grant an injunction or to render a declaratory judgment in the instant case. The statutes to which reference has been previously made do not authorize the court to take judicial cognizance of an action for injunctive relief. In such actions diversity of citizenship is the most common ground upon which jurisdiction is predicated, an element which does not exist under the facts alleged. Any injunctive relief which might be afforded in the case at bar would be of an ancillary nature and not the direct result of the claim for injunction asserted by the plaintiff herein. The Declaratory Judgment Act, supra, is the sole source of this court's power to render a declaratory judgment. It has been cited by the plaintiff in an attempt to invoke this court's jurisdiction. This Act provides:

"§ 2201. Creation of remedy

"In a case of actual controversy *within its jurisdiction,* except with respect to Federal taxes, any court of the United States and the District Court for the Territory of Alaska, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such. As amended Aug. 28, 1954, c. 1033, 68 Stat. 890." (Emphasis supplied.)

It is not a jurisdictional statute upon which the plaintiff may rely, for it is a settled proposition of law that this Act does not enlarge the jurisdiction of district courts but merely provides federal courts with an additional power to be exercised in cases over which said courts otherwise have jurisdiction to grant affirmative relief. Skelly Oil Co. v. Phillips Petroleum Co., 1950, 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194; Diggs v. Pennsylvania Public Utility Commission, 3 Cir., 1950, 180 F.2d 623. Therefore, the plaintiff must look beyond the Declaratory Judgment Act or the court's general equity powers to establish jurisdiction, and unless this court has jurisdiction on some other basis no declaratory judgment can be rendered and no injunctive relief granted.

We, therefore, come to the last cause of action, namely, the application for review of the decision of the National Railroad Adjustment Board upon both the merits and on the alleged procedural irregularities of that body.

It might be well at the outset of considering this particular phase of the matter that we understand the method of procedure before the Board. It is all established by the national Railway Labor Act, supra, but more clearly and succinctly stated by Judge Goodrich in Kirby v. Pennsylvania R. Co., 3 Cir., 1951, 188 F. 2d 793, at page 795:

"* * * It is to be borne in mind that this Railroad Adjustment Board is not a lawyers' tribunal. It is a bipartisan board composed of railroad men selected, paid and serving at the will of their respective principals, management and railroad unions. Referees are called in only when the Board is dead-

locked. The referees are, we understand, usually lawyers, but they are not permanent employees of the Board. The handling of claims by various divisions of the Railroad Adjustment Board is seldom if ever a matter of taking testimony on controversial facts. The proceedings are carried from one step to another by persons familiar with both background and immediate controversy. When a referee is brought in, he is usually advised of the facts through the respective representatives of each side of the controversy. Everyone concerned knows what the dispute is, though disagreeing upon its settlement."

The plaintiff in his complaint upon this point alleges:

"8. As was required by both the collective bargaining agreement and the Federal Railway Labor Act passed by the Congress of the United States, the plaintiff then made his claim for compensation and reinstatement to his position to Division I of the National Railroad Adjustment Board at Chicago, Illinois. The plaintiff was accorded a hearing before said Division consisting of five members selected by the railroad industry and five members selected by bargaining agents for the five crafts of railway labor over which said Division had jurisdiction, on December 1, 1955. Said hearing consisted of the submission by the defendant of documents from the files of the Pennsylvania Railroad Company, most of which were not verified by oath, and at which time, the plaintiff had no opportunity to be confronted by the witnesses against him and particularly Dr. R. C. Kell, who charged the plaintiff with being a sufferer from syphilis and at which time, the plaintiff had no opportunity to cross-examine said witnesses including the said Dr. R. C. Kell. The plaintiff was likewise required to submit his proofs in documentary and written form, by the rules of said National Railroad Adjustment Board. At said hearing, counsel for both the plaintiff and defendant herein were permitted to argue orally. The rules of said Division I of the National Railroad Adjustment Board prohibited the taking of any stenographic notes and no record was made of the argument of counsel.

"9. On May 17, 1956, there purports to have been entered a decision of the National Railroad Adjustment Board in which Referee James P. Carey, Jr., participated. The said Referee, the plaintiff alleges, cast the deciding vote in said decision. The said Referee, James P. Carey, Jr., did not hear the argument of said cause by plaintiff's counsel and the plaintiff therefore alleges that in truth and in fact his cause was decided by a person before whom he had never been given an opportunity for a hearing or any hearing in fact. The plaintiff therefore alleges that in so far as said decision adversely affects his rights, that the same is violative of the requirement of the National Railway Labor Act that he shall be entitled to a hearing and amounts to a taking of his property without due process of law in violation of the Fifth Amendment to the Constitution of the United States.

"10. The decision as rendered by the National Railroad Adjustment Board, Division I, or more properly by Referee James P. Carey, Jr., resulted in a denial of the plaintiff's claims. The plaintiff alleges that the findings of fact therein contained are wholly unsupported by the evidence which was before said Board, that the same are not supported by any substantial evidence, that the same were contrary to the substantial evidence in the cause and that the findings thus made by Referee James P. Carey, Jr. or by him with the National Railroad Adjustment Board, Division I, were arbitrary, capricious and unreasonable

and constitute a deprivation of the plaintiff's property without due process of law.

"11. Because of the requirements of the collective bargaining agreement and the Federal Railway Labor Act with which the plaintiff has in all respects complied, the plaintiff has hitherto been denied his right of trial by jury guaranteed to him by the Seventh Amendment to the Constitution of the United States, the value in controversy exceeding $20.00."

It can be seen from this portion of the complaint that here seems to lie the crux of plaintiff's charges. Do we have jurisdiction to entertain them?

█ The sole provision to be found in the Railway Labor Act authorizing resort to a United States District Court in a complaint under the Act is stated, as follows:

"First.

"(p) If a carrier does not comply with an order of a division of the Adjustment Board within the time limit in such order, the petitioner, or any person for whose benefit such order was made, may file in the District Court of the United States for the district in which he resides or in which is located the principal operating office of the carrier, or through which the carrier operates, a petition setting forth briefly the causes for which he claims relief, and the order of the division of the Adjustment Board in the premises. Such suit in the District Court of the United States shall proceed in all respects as other civil suits, except that on the trial of such suit the findings and order of the division of the Adjustment Board shall be prima facie evidence of the facts therein stated, and except that the petitioner shall not be liable for costs in the district court nor for costs at any subsequent stage of the proceedings, unless they accrue upon his appeal, and such costs shall be paid out of the appropriation for the expenses of the courts of the United States. If the petitioner shall finally prevail he shall be allowed a reasonable attorney's fee, to be taxed and collected as a part of the costs of the suit. The district courts are empowered, under the rules of the court governing actions at law, to make such order and enter such judgment, by writ of mandamus or otherwise, as may be appropriate to enforce or set aside the order of the division of the Adjustment Board." 45 U.S.C.A. § 153.

Under this legislative scheme appropriately adopted by Congress to facilitate amicable settlement of disputes between the railroad and its employees, district courts are vested with limited jurisdiction to enforce a monetary award rendered by the Railroad Adjustment Board in favor of an employee when the carrier does not voluntarily comply with the terms of the award.

█ In the instant case the plaintiff had submitted his claim to the Board and a decision was rendered against the plaintiff containing no award. In such circumstances the provision above quoted has no application and since the award is final and binding, by reason of subsection (m), the plaintiff is without any further rights to be asserted under this Act or within the jurisdiction of a district court as circumscribed by the Act.

█ The plaintiff alleges jurisdiction in the court under the Act of Congress of June 25, 1948, 28 U.S.C.A. § 1337. It provides:

"The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies."

This section of the Judicial Code does not apply in an instance where Congress had made specific provision for the protection of rights which it created such as those rights which are prescribed

by the Railway Labor Act. In re Central R. Co. of New Jersey, 3 Cir., 1944, 145 F.2d 351, affirmed Order of Railway Conductors of America v. Pitney, 326 U.S. 561, 66 S.Ct. 322, 90 L.Ed. 318, rehearing denied 327 U.S. 814, 66 S.Ct. 525, 90 L. Ed. 1038. See Barnhart v. Western Maryland Ry. Co., 4 Cir., 1942, 128 F. 2d 709, certiorari denied 317 U.S. 671, 63 S.Ct. 75, 87 L.Ed. 538. There is no jurisdiction under this section arising under a federal labor law unless the plaintiff is able to show a legal right enforceable by the courts under the terms of the federal act involved. As previously stated, the plaintiff herein has no rights enforceable in a district court under the Railway Labor Act and hence this court has no jurisdiction under this section over the case at bar.

■■■ The plaintiff also alleges jurisdiction in the court under the Act of Congress of June 25, 1948, 28 U.S.C.A. § 1331. It provides:

"The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $3,000, exclusive of interest and costs, and arises under the Constitution, laws or treaties of the United States."

This section of the Judicial Code does not warrant application in this case inasmuch as there is no claim under the laws or treaties of the United States. The only pertinent federal statute under which a claim by the plaintiff could arise is the Railway Labor Act; this Act is complete in establishing the mode by which any rights created by it are enforceable. The plaintiff herein has been afforded the full protection of the law in the assertion of any rights created by said Act. The only serious question of jurisdiction under this section of the Code is whether the plaintiff has set forth a claim which arises under the Constitution of the United States. This question will be considered in conjunction with the right of the plaintiff to seek a review of the decision of the Railroad Adjustment Board which was rendered adversely to him.

■■■ The question of a judicial review of administrative determinations has been a source of innumerable litigations and the subject of many varied judicial opinions. The enactment of the Administrative Procedure Act, supra, in 1946 had as its purpose the establishment of uniformity and certainty in providing judicial review in specified cases. Section 1009 of Title 5 U.S.C.A. provides:

"Judicial review of agency action

"Except so far as (1) statutes preclude judicial review or (2) agency action is by law committed to agency discretion.

"(a) Any person suffering legal wrong because of any agency action, or adversely affected or aggrieved by such action within the meaning of any relevant statute, shall be entitled to judicial review thereof."

However, certain governmentally created bodies have been excluded from operation of the Act. Section 1001 provides:

"(a) 'Agency' means each authority (whether or not within or subject to review by another agency) of the Government of the United States other than Congress, the courts, or the governments of the possessions, Territories, or the District of Columbia. Nothing in this chapter shall be construed to repeal delegations of authority as provided by law. Except as to the requirements of section 1002 of this title, *there shall be excluded from the operation of this chapter (1) agencies composed of representatives of the parties or of representatives of organizations of the parties to the disputes determined by them * * *.*" (Emphasis supplied.)

■■■ Although Section 1009(a) of the Act affords a judicial review to parties aggrieved by agency action, Section 1001(a) (1) defines agency so as to exclude "agencies composed of representatives of the parties or representatives of

organizations of the parties to the dispute." Therefore, since the Railroad Adjustment Board is composed of representatives of the parties as provided by Section 153 of Title 45, supra, it is excluded from the operation of the Administrative Procedure Act and a party aggrieved by this Board's decision cannot seek a review under this Act. Barnett v. Pennsylvania-Reading Seashore Lines, supra.

▮ The problem of providing the aggrieved employee with a review of the Railroad Adjustment Board's adverse decision has been passed upon by the Third Circuit in Barnett v. Pennsylvania-Reading Seashore Lines, supra. The holding was clear in that it denies any right of review to the plaintiff therein. It should be noted, however, that the present case sets forth a claim for review not only on the merits but also on the basis of alleged procedural irregularities; the latter basis for review was not presented for the court's consideration in the Barnett case. But it appears that in spite of that factor, the decision in the Barnett case is broad enough to encompass and dispose of the case at bar and is, of course, binding authority upon this court.

This court has on this day filed an opinion in a somewhat similar case, namely, Day v. Pennsylvania R. Co., D. C., 155 F.Supp. 695, wherein it reviewed this question and it might be well to reiterate what was said therein:

"In the DePriest case (Day v. Pennsylvania R. Co.) supra, Judge Maris said [245 F.2d 485]:

"'* * * On the contrary the stay here was sought merely because of the rule of law laid down by the Supreme Court in Slocum v. Delaware L. & W. R. Co., 1950, 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795, and Order of Railway Conductors of America v. Southern Railway Co., 1950, 339 U.S. 255, 70 S.Ct. 585, 94 L.Ed. 811, that the National Railroad Adjustment Board has exclusive jurisdiction to decide the question raised in this case as to the con-

struction of the labor agreement here sued on.'

"And further:

"'* * * Nor can we ignore the fact *that even if the plaintiff's right is established by the board* the amount of the claim at least may well have to be established in the present action in the district court. We, therefore, think it not inappropriate to suggest that the district court, upon plaintiff's application, may well be moved to modify the existing stay of proceedings to the extent necessary to permit the parties to undertake depositions, discovery and other pre-trial procedure in order that the evidence which is now available may be preserved for *use at the trial of the action when and if it takes place.*' (Emphasis supplied.)

"To this court this at the very least creates an inference that Judge Maris was of a mind that the determination by the National Railroad Adjustment Board if it was against the position of the present plaintiff, was final.

"In Barnett v. Pennsylvania-Reading Seashore Lines, supra, Judge Goodrich said [245 F.2d 581]:

"'* * * A legislative policy permitting court reexamination of monetary awards but no review in cases where no award is made is not a matter for us to question unless it violates constitutional rights. This statutory scheme does not.

"'The view just expressed, that there can be no judicial review when the Board fails to give relief to an employee, is that of other courts which have had occasion to examine the question. Sometimes the conclusion is put on the basis that the statute giving the Board's order finality means what it says. No review is provided for and that is the end of it. Reynolds v. Denver & R. G. W. R. Co., 10 Cir., 1949, 174 F.2d 673; Weaver v. Pennsylvania R. R., D.C.S.D.N.Y.1956, 141 F.

Supp. 214; Greenwood v. Atchison, T. & S. F. Ry. Co., D.C.S.D.Cal.1955, 129 F.Supp. 105; Futhey v. Atchison, T. & S. F. Ry. Co., D.C.N.D.Ill. 1951, 96 F.Supp. 864; and Berryman v. Pullman Co., D.C.W.D.Mo. 1942, 48 F.Supp. 542, 543, where the court said: "That finding is made final by the statute. There is no room for a subsequent inquiry into the same question by the Courts." Occasionally res judicata is given as the reason. Ramsey v. Chesapeake & O. R. Co., D.C.N.D.Ohio 1948, 75 F. Supp. 740. Other decisions put the result squarely upon the election of remedies theory. Plaintiff having chosen to go to the Board, he cannot now, after losing, come to a court. Majors v. Thompson, 5 Cir., 1956, 235 F.2d 449; Michel v. Louisville & N. R. Co., 5 Cir., 188 F.2d 224, certiorari denied 1951, 342 U.S. 862, 72 S. Ct. 87, 96 L.Ed. 648; cf. Kelly v. Nashville, C. & St. L. Ry., D.C.E.D. Tenn.1948, 75 F.Supp. 737 (court action brought while proceedings were pending before the Board).

" 'Regardless of the path taken judicial authority arrives at the same place. The cases which preserve the possibility of court review if the Board has acted unconstitutionally or has gone outside its jurisdiction should be kept in mind. But they are not in point in this case which is a plain challenge to the decision reached by the Board on the merits of the plaintiff's claim.' "

It is, naturally, not for this court to criticize Congressional enactment even if it were of such a mind but the plaintiff makes the cogent argument that he was forced to go to the Railroad Board of Adjustment, that when he got there they acted in an illegal fashion and that his constitutional rights are violated if he is denied a review in this court. This does seem contrary to the American scheme of things at first blush but on closer scrutiny, is this so?

In the first place, under the Moore holding, supra, he was not compelled to go to the Board but could have accepted the action of the employer and sued for his alleged wrongful discharge. In the second place, he had no right as the Constitution was written to bring a suit for this action in a United States District Court for this court is a statutory court and just as Congress had the authority to establish the court so it, likewise, has the authority, as it has on many occasions, to either enlarge or restrict the jurisdiction of the court. Therefore, if Congress creates this body, namely, the Railroad Adjustment Board, as an expert body to deal with such matters and if the employee elects to go there, it seems perfectly rational that Congress has the right to make such election by the present plaintiff final and binding.

It, therefore, seems under all the authority hereinbefore cited that this court is impelled to the conclusion that there is no judicial review of an action denying a claim of an employee by the Railroad Adjustment Board and, consequently, without jurisdiction in this matter. If, on the other hand, we are in legal error in this regard, it would seem to the court that upon a review of such a Board's action the Board itself would be an indispensable party for after all it is its actions which are under attack.

This would seem to be so under the ruling of the Supreme Court in Blackmar v. Guerre, 1952, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534. There, a discharged employee of the Veterans Administration in New Orleans appealed to the regional office of the Civil Service Commission located in New Orleans. He won and was ordered reinstated. The Veterans Administration appealed to the Board of Appeals and Review located in Washington, D. C. The Board reversed the regional office. The employee then instituted suit in United States District Court in Eastern District of Louisiana. In holding that the United States Civil Service Commission was an indispensable party and dismissing the action the court, through Mr. Justice Minton, said (342 U.S. at page 514, 72 S.Ct. at page 411):

"If the Commission could be sued eo nomine, we would be confronted with the question of whether service as here made would be sufficient to bring the Commission into court; but Congress has not constituted the Commission a body corporate or authorized it to be sued eo nomine."

And further (342 U.S. at page 515, 72 S.Ct. at page 412):

"Since the Civil Service Commission is not a corporate entity which Congress has authorized to be sued, a suit involving the action of the Commission generally must be brought against the individual Commissioners as members of the United States Civil Service Commission. No such suit was brought here, and no service was had upon the individuals comprising the Civil Service Commission. Therefore, neither the individuals comprising the Civil Service Commission nor the Commission as a suable entity was before the District Court."

And further (342 U.S. at page 516, 72 S.Ct. at page 412):

" * * * The courts of the District of Columbia are the only courts of 'competent jurisdiction' to reach the members of the Civil Service Commission.

"Since the members of the Civil Service Commission were never served, and could not be served, in the District Court for the Eastern District of Louisiana, and the Civil Service Commission is not a corporate entity, it follows that the only defendant before the court was Guerre, and, as we have pointed out, no relief could possibly be granted against him in these proceedings, the judgment is affirmed."

This court is, therefore, of the opinion that it has no jurisdiction of the subject matter of the suit and, consequently, the motion to dismiss the complaint will be granted.

Counsel will prepare an appropriate order.