James J. D'ELIA, Jr., Plaintiff,

v.

NEW YORK, NEW HAVEN & HARTFORD R. R. and Richard Joyce Smith, William J. Kirk, Harry W. Dorigan, as Trustees of The New York, New Haven and Hartford Railroad Company, Defendants.

Civ. No. 10074.

United States District Court
D. Connecticut.

March 23, 1964.

F. Timothy McNamara, Hartford, Conn., for plaintiff.

Thomas J. O'Sullivan, New Haven, Conn., for defendant.

TIMBERS, District Judge.

This is an action by an employee of defendant Railroad to set aside a determination of the National Railroad Adjustment Board (hereinafter NRAB) that plaintiff is not entitled to compensation from defendant for a period during which plaintiff was suspended from employment without pay. (Plaintiff has since been restored to employment.)

Jurisdiction of this Court is alleged to be pursuant to 28 U.S.C. § 1337 and 45 U.S.C. §§ 151 et seq.

A. Plaintiff seeks a declaratory judgment pursuant to 28 U.S.C. § 1337:

(1) that this Court has the power to review a determination of the NRAB which does not contain a money award in favor of the petitioning employee, and to declare that determination incorrect on the evidence;

(2) that the NRAB's determination in the instant case is not supported by the evidence;

(3) that plaintiff was denied his federal constitutional right to a "fair hearing" at the stage of a preliminary Railroad hearing on certain charges against plaintiff, because the hearing officer, one Pfister, was prejudiced against plaintiff and incapable of conducting a fair hearing; and

(4) that plaintiff was deprived of his federal constitutional rights by the failure of plaintiff's union, not a party to this action, to provide plaintiff with counsel at the hearing before the NRAB.

B. Plaintiff also seeks:

(1) damages in the amount of $3000; or, in the alternative

(2) a hearing *ab initio* on the charges against him which resulted in his suspension.

Pursuant to Rule 56, Fed.R.Civ.P., defendant has moved for a summary judgment in its favor.

The essential facts are not in dispute,

January 20, 1960 a hearing on various charges against plaintiff was conducted by J. J. Pfister, an employee of defendant Railroad.

February 2, 1960 defendant's Mechanical Superintendent, R. H. Davis, advised plaintiff by letter that he was found guilty of the various charges and would be disciplined by dismissal from defendant's employ.

March 22, 1960, pursuant to negotiations between plaintiff's union and defendant, plaintiff was restored to defendant's employ with seniority and vacation rights unimpaired, but without pay for the period during which he was suspended.

June 17, 1963 the NRAB, to which the dispute over pay for the period of plaintiff's suspension was submitted when plaintiff's union and defendant were unable to agree, denied plaintiff's claim for compensation.

October 4, 1963 plaintiff filed the complaint in the instant action seeking relief as set forth above.

October 31, 1963 defendant filed the pending motion for summary judgment in its favor.

In the view the Court takes of this matter the resolution of two basic issues determines the disposition of this motion:

I. Whether the Court has the power to review a determination of the NRAB which does not contain a money award in favor of the petitioning employee; and

II. Whether plaintiff was denied any federal constitutional right by the NRAB.

## I

### COURT'S POWER OF REVIEW

The Railway Labor Act [1] establishes a National Railroad Adjustment Board with jurisdiction to determine disputes between railway carriers and "carmen" employees, *inter alia*.[2] Plaintiff was, at the time the dispute herein arose, a carman.

The Act provides that:

"the awards [of the Board] shall be final and binding upon both parties to the dispute, *except insofar as they shall contain a money award*." [Emphasis added] [3]

In clarification, the Act further provides that if a money award *in favor* of a petitioner is made, the NRAB shall make an order directing the carrier to pay the award [4] ; and if the carrier fails to comply with such order by paying the award, the petitioner may institute a civil action in the District Court to enforce that award.[5]

■ Thus, it is clear that the Act's provision for finality of the NRAB's awards, and implicit concomitant preclusion of judicial review thereof, applies to all determinations of the NRAB which do *not* include a money award in favor of the petitioner. The award of the NRAB in the instant case falls in this latter category.

In Union Pacific R. Co. v. Price [6] the Supreme Court recently set forth a definitive interpretation of 45 U.S.C. § 153 First (m). The Court said:

"Congress has said in § 3 First (m) of the Railway Labor Act [45 U.S.C. § 153 First (m)] that the Adjustment Board's 'awards shall be final and binding upon both parties to the dispute, except insofar as they shall contain a money award.' Respondent does not argue that a 'money award' is anything other than an award directing the payment of money. Indeed, it would distort the English language to interpret that term as including a refusal to award a money payment. Thus, the plain language of § 3 First (m), on its face, imports that Congress intended that the Board's disposition of a grievance should preclude a subsequent court action by the losing party. * * * Our understanding of the statutory scheme and the legislative history * * * reinforces what the statutory language already makes clear, namely, that Congress barred the employee's subsequent resort to the common-law remedy after an adverse determination of his grievance by the Adjustment Board." [7]

In Price the employee-petitioner had contended that:

"[B]ecause an enforcement proceeding against a non-complying carrier under § 3 First (p) [45 U.S.C. § 153 First (p)] affords the defeated carrier some opportunity to relitigate the issues decided by the Adjustment Board, unfairness results if § 3 First (m) [45 U.S.C. § 153 First (m)] is construed to deny the employee the right to maintain this common-law action." [8]

Indeed, plaintiff in the instant case in effect makes the same contention in arguing this Court should adopt the reasoning of the dissent in Price.

1. 45 U.S.C. §§ 151–188.

2. 45 U.S.C. § 153 First (h).

3. 45 U.S.C. § 153 First (m).

4. 45 U.S.C. § 153 First (o).

5. 45 U.S.C. § 153 First (p).

6. 360 U.S. 601, 79 S.Ct. 1351, 3 L.Ed.2d 1460 (1959).

7. Id. at 608, 79 S.Ct. at 1355, 3 L.Ed.2d 1460; accord: Barnett v. Pennsylvania-Reading Seashore Lines, 245 F.2d 579 (3 Cir. 1957).

8. Id. at 614, 79 S.Ct. at 1358, 3 L.Ed.2d 1460.

But as the Supreme Court responded in Price, so must this Court respond here:

"The disparity in judicial review of Adjustment Board orders, if it can be said to be unfair at all, was explicitly created by Congress, and it is for Congress to say whether it ought to be removed." [9]

Even conceding, *arguendo,* the applicability of Union Pacific R. Co. v. Price, supra, in the *ordinary* case, plaintiff argues that when, as here, the allegations of an employee's complaint raise the issue of a denial of procedural due process of law, this Court must decide that issue.

To the extent this argument relates to plaintiff's allegation of a denial of a "fair hearing" at the preliminary Railroad hearing conducted by defendant's employee, Pfister, it has no foundation. (To the extent it relates to an alleged denial of constitutional rights by the NRAB itself, plaintiff is on sounder ground; this aspect of the case is discussed infra at part II of this decision.)

The authorities upon which plaintiff relies for the proposition that an alleged denial of due process at the preliminary Railroad hearing bestows upon this Court the power to inquire into the merits of that allegation—once it has been decided adversely to plaintiff by the NRAB, as it has in this case—do not support that contention. These cases assert only that if a petitioner alleges a denial of due process of law by the NRAB, the federal courts have jurisdiction to ascertain the validity of that allegation. In Ferro v. Railway Express Agency, Inc.,[10] for

example, the only Second Circuit case in point cited by plaintiff, petitioners had claimed that they should not be required to have their dispute resolved by the NRAB because *the Board* was likely to be prejudiced against them. The Court rejected this claim, saying:

"[T]he courts are invested with sufficient appellate jurisdiction over the Board to protect appellants from a denial of due process." [11]

Other cases make clear that it is only a denial of due process by some conduct of the NRAB in the making of an award which invests the District Courts with jurisdiction to review that award, when they would not otherwise have the power to do so.[12]

It should be emphasized here that plaintiff's claim of prejudice on the part of Pfister—and a consequent unfairness in the preliminary Railroad hearing conducted by him—*was* made when the compensation dispute was submitted to the NRAB; and it was *rejected* by that Board. Accordingly, since this Court is precluded from reviewing the NRAB's determination that plaintiff is not entitled to compensation for the period he was suspended from employment without pay, it would appear equally precluded from reviewing the NRAB's concomitant determination that plaintiff was not denied a fair hearing at the company level of inquiry into the charges, as conducted by Pfister. Only an alleged denial of due process by conduct of the NRAB itself would permit this Court to review that Board's award under the circumstances of this case.[13]

---

9. Id. at 615, 79 S.Ct. at 1359, 3 L.Ed.2d 1460.

10. 296 F.2d 847 (2 Cir. 1961).

11. Id. at 852–853.

12. See, e. g., Hornsby v. Dobard, 291 F.2d 483, 487 (5 Cir. 1961); Barnett v. Pennsylvania-Reading Seashore Lines, supra note 7, at 581.

13. It should not be overlooked that even if "unfairness" *were* found to have crept into the preliminary inquiry by Pfister, it may well be considered to have been

eliminated from any influence in the case when the compensation dispute was later fully submitted to the NRAB by the parties. As the Board's award makes clear, the dispute was decided on the basis of facts largely admitted by plaintiff; and to the existence of *these* facts, any possible prejudice of Pfister, manifested in the conduct of a subsequent hearing on behalf of defendant, would have no relevance.

In this same category would fall the unelaborated and unsubstantiated claim of plaintiff that Pfister did not have made

## II

### ALLEGED DENIAL OF CONSTITUTIONAL RIGHTS BY NRAB

The only claimed denial of plaintiff's constitutional rights that can be even remotely connected to the determination by the NRAB is:

"That the failure of the Union to provide counsel for D'Elia at the time of the hearing before the National Labor [sic: Railroad] Adjustment Board deprived him of effective representation before said board, and therefore, deprived him of his Constitutional rights." [14]

This allegation fails in numerous respects to set forth a claimed denial of constitutional rights by the NRAB which is sufficient to give this Court jurisdiction to review the Board's award under the cases cited above.[15] Furthermore, the allegation is at odds with the record in this case.

█ In the first place plaintiff contends that it was *his union,* and not the NRAB, which failed to provide him with counsel at the Board hearing. On its face this claim could not be construed as asserting a deprivation *by the NRAB* of any right whatsoever.

█ But even if it were alleged that the NRAB itself prevented plaintiff from being represented by counsel before it, or failed to provide counsel when plaintiff was unable to do so, the denial of a con-

stitutional right thereby would not clearly be set forth. Initially, there is no provision in the Railway Labor Act which affords plaintiff a right to representation by counsel at hearings before the NRAB. And neither plaintiff nor the Court can find authority for the proposition that it is a denial of a petitioner's constitutional rights to deprive him of counsel at a hearing of a dispute before the NRAB.

█ Finally, it is conceded that an oral hearing before the NRAB of the compensation dispute involved here was neither requested by plaintiff nor had. Rather, the dispute was presented to the Board solely on written "submissions" by the parties. Plaintiff's "submission" is signed:

"H. J. Galligan, General Chairman
System Federation No. 17–AFL–CIO
(Carmen)"

It would thus appear that plaintiff was, in fact, "represented" in the dispute (as presented to the NRAB in written form) by the General Chairman of plaintiff's local union.

The Court finds no basis to the claim that plaintiff's constitutional rights were infringed by the NRAB.

Defendant's motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., is granted, there being no genuine issue as to any material fact in the case and defendant being entitled to judgment as a matter of law.

---

an accurate stenographic record of the hearing before him, and the further claim that plaintiff was prejudiced by Pfister's refusal to allow one Flanagan to represent plaintiff at that preliminary Railroad hearing. (In fact, it appears plaintiff was represented at this hearing by Messrs. Taylor, Sullivan and Galligan—

the last of the three being General Chairman of plaintiff's local union.)

14. Complaint, p. 4 (filed October 4, 1963).

15. See Ferro v. Railway Express Agency, Inc., supra note 10; Hornsby v. Dobard, supra note 12; Barnett v. Pennsylvania-Reading Seashore Lines, supra note 7.